OPINION
{¶ 1} In this appeal, defendant-appellant William J. Hennis appeals both from an order denying his petition for post-conviction relief and from the judgment of conviction and sentence. Hennis contends that the trial court erred by denying his petition for post-conviction relief without a hearing, upon res judicata grounds, and that the trial court erred by sentencing him to more than a minimum prison term.
 {¶ 2} We have previously concluded that the trial court did err by rejecting Hennis's petition for post-conviction relief upon res judicata grounds. Accordingly, we reversed that order, and remanded this cause for consideration of Hennis's petition consistently with our opinion. State v. Hennis (January 6, 2006), Clark App. No. 05-CA-65.
 {¶ 3} We essentially bifurcated this appeal, retaining it on our docket for disposition of Hennis's direct appeal from his conviction and sentence once the Supreme Court of Ohio had decided State v. Quinones, Supreme Court Case No. 2004-1771, and State v. Foster, Supreme Court Case No. 2004-1568, two cases in which the application of Blakely v. Washington (2004),124 S.Ct. 2531, to Ohio's felony sentencing statutes were at issue. Those cases have now been decided. State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856. Pursuant to State v. Foster, we conclude that Hennis's sentence must be reversed, and this cause must be remanded for re-sentencing, in accordance with State v.Foster.
 I {¶ 4} Hennis was indicted in 2002 on five counts of Gross Sexual Imposition, one count of Rape, and four counts of Sexual Battery. During pre-trial proceedings, the Rape count was dismissed. Following a trial, Hennis was convicted on all five counts of Gross Sexual Battery and all four counts of Sexual Battery. He was sentenced to a term of incarceration totaling 30 years, and was classified as a sexually oriented offender.
 {¶ 5} An initial appeal resulted in the affirmance of Hennis's conviction, but a remand for re-sentencing. Hennis filed a pro se petition for post-conviction relief, and a supplemental petition was filed by counsel. The petition was denied, without a hearing, upon the ground that the ineffective assistance of trial counsel claim raised in the petition is barred by res judicata. Four days later, the trial court re-sentenced Hennis, again imposing a sentence totaling 30 years. In that part of his appeal that survives our decision and judgment of January 6, 2006, cited above, Hennis appeals from his sentence.
 II {¶ 6} Hennis's sole assignment of error pertaining to that part of his appeal that survives our decision and judgment of January 6, 2006, cited above, is as follows:
 {¶ 7} "THE COURT ERRED IN SENTENCING THE APPELLANT TO MORE THAN THE STATUTORY MINIMUM SINCE HE IS A FIRST-TIME OFFENDER."
 {¶ 8} This assignment of error is raised in connection with Hennis's appeal from his re-sentencing. Upon the authority ofState v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, this assignment of error is sustained.
 IV {¶ 9} Hennis's sole assignment of error having been sustained, the sentence imposed by the trial court is Reversed, and pursuant to ¶ 104 of State v. Foster, supra, this cause is Remanded for re-sentencing in accordance with State v. Foster.
Our mandate in this decision and accompanying judgment is without prejudice to the mandate accompanying our previous reversal of the order denying Hennis's petition for post-conviction relief, and remanding that cause for further consideration by the trial court. Should the trial court vacate the judgment of conviction under which Hennis was sentenced, it should regard the mandate arising from this decision and judgment as moot.
Grady, P.J., and Brogan, J., concur.