OPINION
{¶ 1} In 2003, William J. Hennis was found guilty by a jury of five counts of gross sexual imposition and four counts of sexual battery. He was sentenced to an aggregate term of thirty years of imprisonment, which was more than the statutory minimum sentence, and was classified as a sexually oriented offender. On appeal, pursuant to State v.Foster, 109 Ohio *Page 2 
2 St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we reversed Hennis's sentence, and the cause was remanded for resentencing. State v.Hennis, Clark App. No. 2005-CA-65, 2006-Ohio-1255. On remand, the trial court sentenced Hennis to two years on each count of gross sexual imposition and to five years on each count of sexual battery, all to be served consecutively. Thus, Hennis's aggregate sentence was again thirty years.
 {¶ 2} In two "consolidated" assignments of error, Hennis claims that the trial court failed to follow our instructions related to resentencing on remand or refused to do so. He asks that we "invoke [our] jurisdictional powers" to resentence him in accordance with our prior holding.
 {¶ 3} We disagree with Hennis's assertion that the trial court did not comply with our instructions on remand.
 {¶ 4} Foster identified procedural problems with Ohio's sentencing process and ordered resentencing hearings for cases "pending on direct review." The supreme court's holding, and our reversal of Hennis's sentence based on that holding, required only that Hennis be resentenced without reliance on judicial factfinding that had previously been required by the sentencing statutes. Hennis was not necessarily entitled to a different or a lesser sentence. The supreme court stated inFoster: "[W]e have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences. * * * Courts shall consider those portions of the sentencing code that are unaffected by [the Foster] decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple terms, the court is not barred from requiring those terms to be served *Page 3 
consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 100, ¶ 105.
 {¶ 5} Hennis has not identified any particular problem with the sentence that was imposed on remand. We infer that he expected to receive a lesser sentence and views the imposition of the same aggregate sentence as a de facto refusal on the part of the trial court to resentence him. The record demonstrates, however, that the trial court fully complied with our mandate to resentence Hennis on remand.
 {¶ 6} The assignments of error are overruled.
 {¶ 7} In his reply brief, Hennis raises additional arguments related to the alleged lack of signatures on the first sentencing order and the resentencing order and the judges' bias against him. We need not address these arguments because an appellant may not use a reply brief to raise new issues or assignments of error. Ostendorf v. Montgomery Cty. Bd. ofCommrs., Montgomery App. Nos. 20257, 20261, 2004-Ohio-4520, ¶ 29. Nevertheless, we have reviewed the journal entries and find that the original of the first sentencing entry was signed by Judge Lorig and the original of the resentencing entry was signed by Judge O'Neill who appears from the record to have been the resentencing judge. (Judge Rastatter's name was typed under the signature line and was crossed out). Furthermore, judicial bias against Hennis is not apparent from the record.
 {¶ 8} The judgment of the trial court will be affirmed.
GRADY, J. and DONOVAN, J., concur.
Copies mailed to:
 Hon. Douglas M. Rastatter *Page 1